UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

---

Case No. 8:15-cv-1906-T-27

---

In Re: Shaul C. Baruch, BR No.: 8:14-bk-10019-CPM

---

MITCHELL VEXLER,

      Appellant,

v.

SHAUL C. BARUCH, and
GUY G. GEBHARDT, acting United
States Trustee,

      Appellees.

---

Appeal from the United States Bankruptcy Court
for the Middle District of Florida

---

(September 8, 2016)

Before JAMES D. WHITTEMORE, District Judge.

      Appellant challenges the Bankruptcy Court's order denying reconsideration of its order dismissing Shaul Baruch's bankruptcy petition for failure to comply with the credit counseling requirement of 11 U.S.C. § 109(h). Appellant contends that compliance with the credit counseling requirement is jurisdictional and therefore the petition should have been stricken, rather than

1

dismissed. Upon consideration, the Bankruptcy Court's Order is AFFIRMED. I conclude that compliance with the credit counseling requirement of 11 U.S.C. § 109(h) is not jurisdictional and therefore the Bankruptcy Court did not err in dismissing, rather than striking, the petition.[1]

## BACKGROUND

This appeal presents the single question of whether the credit counseling requirement in the Bankruptcy Abuse Prevention and Consumer Protection Act, 11 U.S.C. § 109(h), is jurisdictional.[2] Section 109(h) requires that debtors have "either received a briefing from an approved credit counseling agency prior to filing the petition, or have filed a certificate of exigent circumstances that meets three requirements set forth in the statute." *In re Hedquist*, 342 B.R. 295, 297 (8th Cir. BAP 2006).

Shaul C. Baruch filed a voluntary Chapter 11 bankruptcy petition, including a statement of compliance with the credit counseling requirement of § 109(h), in which he certified that he requested credit counseling services but was unable to obtain them and requested a waiver based on exigent circumstances. Approximately six months later, it was discovered that Baruch never took the credit counseling course or received a waiver from the bankruptcy court. His noncompliance came up during a May 28, 2015 hearing involving a motion to dismiss or convert his bankruptcy case

---

[1] A bankruptcy court's legal conclusions and determination of subject matter jurisdiction are reviewed *de novo*. *In re Nica Holdings, Inc.*, 810 F.3d 781, 786 (11th Cir. 2015).

[2] 11 U.S.C. § 109(h)(1) provides:

*Subject to paragraphs (2) and (3)*, and notwithstanding any other provision of this section other than paragraph (4) of this subsection, an individual may not be a debtor under this title unless such individual has, during the 180-day period ending on the date of filing of the petition by such individual, received from an approved nonprofit budget and credit counseling agency described in section 111(a) an individual or group briefing (including a briefing conducted by telephone or on the Internet) that outlined the opportunities for available credit counseling and assisted such individual in performing a related budget analysis. (emphasis added)

to Chapter 7,[3] prompting the bankruptcy court to remark that failure to comply with the credit counseling requirement "makes a Debtor ineligible to file." The next day, the Trustee filed an objection to Baruch's proposed reorganization plan, contending that the plan could not be confirmed because of his failure to obtain credit counseling. During the hearing on the objection, Baruch's counsel agreed that he was ineligible to be a debtor and that the case should be dismissed. The bankruptcy court sustained the Trustee's objection, denied confirmation, and announced the case would be dismissed. An order dismissing the case was entered on June 10, 2015.

Two weeks later, Appellant moved for reconsideration, contending that the bankruptcy petition should have been stricken. Appellant argued that compliance with the credit counseling requirement was jurisdictional, and since Baruch never received the required credit counseling, he was ineligible to be a debtor and his case therefore never commenced.[4] The motion was denied, prompting this appeal.

## DISCUSSION

Jurisdiction of the bankruptcy courts was established by Congress in Title 28.[5] *In re Trusted*

---

[3] 11 U.S.C. § 1112 governs the conversion or dismissal of a chapter 11 bankruptcy case, and provides that the bankruptcy court must convert a chapter 11 case to a chapter 7 case or dismiss the case, whichever is in the best interests of creditors and the estate, when "cause" is established. 11 U.S.C. § 1112(b)(1). Section 1112(b)(4) provides examples of cause, but the list is not exhaustive. *In re Albany Partners, Ltd.*, 749 F.2d 670, 674 (11th Cir. 1984) ("[T]he determination of cause under § 1112(b) is subject to judicial discretion under the circumstances of each case.") (quotation and citation omitted).

[4] Appellant argued that the automatic stay therefore never took effect. Whether the stay took effect is particularly important to Appellant Vexler. On April 24, 2013, in a Texas state court lawsuit, Vexler obtained a default judgment against Baruch for in excess of a million dollars. As of August 2014, Vexler had not collected on the judgment and the Texas court entered a temporary order prohibiting Baruch from dissipating funds held in a trust and scheduled a hearing for August 28, 2014. The day before the hearing, Baruch filed his Chapter 11 petition. Notwithstanding, the hearing proceeded, and a second hearing was conducted in September 2014. Baruch moved for sanctions against Vexler in the bankruptcy case, alleging violations of the automatic stay. The bankruptcy court reserved jurisdiction on the motion when it dismissed the case.

[5] *See* 28 U.S.C. § 1334; 28 U.S.C. § 157.

*Net Media Holdings, LLC,* 550 F.3d 1035, 1039 (11th Cir. 2008) (en banc), *citing Kontrick v. Ryan,* 540 U.S. 443, 453, 124 S.Ct. 906, 914, 157 L.Ed.2d 867 (2004). "[B]ankruptcy court jurisdiction exists, by reference from the district courts, in three categories of proceedings: those that "arise under title 11,' those that 'arise in cases under title 11,' and those 'related to cases under title 11.'" *Id.* at 1039 (quotation and citation omitted). And one Circuit has held that "the dismissal of a bankruptcy case for failing to meet the requirements for filing the petition is a core issue: the issue arises under title 11; it arises in a case under title 11; it concerns the administration of the estate; and it affects the adjustment of the debtor-creditor relationship." *In re Hedquist,* 342 B.R. at 298–99.

Section 301 of the Bankruptcy Code provides that "[a] voluntary case under this chapter is commenced by the filing with the bankruptcy court of a petition under such chapter by an entity that *may be a debtor* under such chapter." 11 U.S.C. § 301(a) (emphasis added). Section 109 of the Bankruptcy Code identifies "Who *may* be a debtor" in a chapter 7 case. (emphasis added). As noted, § 109(h) provides that an individual may not be a debtor unless he obtains credit counseling before filing a bankruptcy petition, the requirement is waived by the court, or an exemption or exception applies. 11 U.S.C. § 109(h).

Appellant contends that the plain language of § 109(h) makes credit counseling a mandatory condition precedent to becoming a debtor, and since Baruch was not an eligible debtor under § 301, no case was commenced and therefore subject matter jurisdiction was lacking. In short, according to Appellant, since no case was "commenced," there was no case to dismiss, and the petition should have been stricken for lack of subject matter jurisdiction.[6]

---

[6] Although Appellant cites two opinions by bankruptcy judges in this district as supportive of his contention that § 109(h) is jurisdictional, a close examination of those cases demonstrates that neither supports that contention. Indeed, in an underlying order in Chief Judge Williamson's case, he expressly found that § 109(h) is not jurisdictional.

**Was the issue preserved for review?**

Appellees first contend that the issue was not preserved for review because Appellant failed to raise it until after the bankruptcy case was dismissed.[7] In response, Appellant explains that the issue was raised for the first time in the motion for reconsideration because the bankruptcy court's dismissal was *sua sponte*. Appellant points out that although Baruch's non-compliance with the credit counseling requirement was discussed during the May 28, 2015 hearing, no party moved to dismiss the bankruptcy case for that reason, and it was not until the hearing on the Trustee's objection to the reorganization plan that the bankruptcy court announced its intention to dismiss the case. Appellant urges that in any event, subject matter jurisdiction can be raised at any time.

Appellant is correct. Appellee's motion for reconsideration was filed in response to the bankruptcy court's *sua sponte* dismissal and therefore preserved the issue for review. Moreover, lack of subject matter jurisdiction may be raised at any stage of a proceeding. *See Scarfo v. Ginsberg*, 175 F.3d 957, 960 (11th Cir. 1999) ("Under the law of this circuit, however, parties cannot waive subject matter jurisdiction, and we may consider subject matter jurisdiction claims at any time during litigation."); *Sebelius v. Auburn Reg'l Med. Ctr.*, 133 S. Ct. 817, 824, 184 L. Ed. 2d 627 (2013) ("Objections to a tribunal's jurisdiction can be raised at any time, even by a party that once conceded the tribunal's subject-matter jurisdiction over the controversy.").

Notwithstanding, this appeal fails on the merits. Section 109(h) is not jurisdictional and

---

*In re England*, No. 8:13-BK-05850-MGW, 2013 WL 2467789, at *2 (Bankr. M.D. Fla. June 10, 2013) (This Court, however, is of the opinion that '[b]ecause eligibility requirements are not jurisdictional, they may be waivable by the court ...'"). And Judge Briskman discusses the credit counseling requirement of §109(h) in terms of a debtor's eligibility to file under Chapter 7, as opposed to a jurisdictional requirement. *In re Carey*, 341 B.R. 798, 804 (Bankr. M.D. Fla. 2006) (as a result of noncompliance with the credit counseling requirement, debtors were "ineligible to be debtors in Chapter 7").

[7] Debtor/Appellee joins in the Trustee's brief. (Dkt. 17).

therefore the bankruptcy court did not err in dismissing Baruch's petition.

**Is credit counseling jurisdictional?**

Appellant is correct that the plain language of § 109(h) makes compliance with its credit counseling provisions mandatory for debtors seeking bankruptcy relief. For the reasons that follow, however, I conclude that credit counseling is determinative of a debtor's eligibility for bankruptcy relief, rather than subject matter jurisdictional. Appellee is therefore correct that even a debtor like Baruch who fails to comply with § 109(h) *may* be a debtor under § 301, for purposes of commencing a bankruptcy case. A noncompliant debtor's bankruptcy petition is therefore subject to dismissal, rather than being stricken.

While bankruptcy courts disagree on whether noncompliance with the credit counseling requirement of § 109(h) requires dismissal or striking of the debtor's petition,[8] with rare exception,[9] those courts do not consider § 109(h) jurisdictional. The only Circuit to address whether § 109(h) is jurisdictional concluded that it is not. *In re Zarnel*, 619 F.3d 156, 169 (2d Cir. 2010) ("[W]e find that the restrictions of § 301 and § 109(h) are not jurisdictional, but rather elements that must be established to sustain a voluntary bankruptcy proceeding.").That court reasoned that "although an individual may be ineligible to be a debtor under the Bankruptcy Code for failure to satisfy the

---

[8] *See In re Jones*, 352 B.R. 813, 821 (Bankr. S.D. Tex. 2006) (observing that "[t]he majority of courts addressing this issue have concluded that when the Debtor is not eligible to file a bankruptcy petition the Court should dismiss the case, not 'strike the petition.'"); *In re Wyttenbach v. C.I.R.*, 382 B.R. 726, 730 (S.D. Tex.), *aff'd sub nom. In re Wyttenbach*, 291 F. App'x 673 (5th Cir. 2008) (acknowledging the minority view is to strike a petition as a consequence of failure to obtain credit counseling); *Cf. In re England*, 500 B.R. 161 (Bankr. M.D. Fla. 2013) ("An individual who fails to receive the required credit counseling is ineligible to be a debtor. Since the Debtor here did not receive the required credit counseling, she was never eligible to commence this case, and as a consequence, there is no case to dismiss. Instead, the Debtor's petition should be stricken."), *citing In re Carey, supra*.

[9] *In re Valdez*, 335 B.R. 801, 803 (Bankr. S.D. Fla. 2005) ("[T]he Court views the criteria established by 11 U.S.C. § 109 as jurisdictional").

strictures of § 109(h), the language of § 301 does not bar that debtor from commencing a case by filing a petition; it only bars the case from being maintained as a proper voluntary case under the chapter specified in the petition." *Id.* at 166-67.

The reasoning of the Second Circuit in *Zarnel* is persuasive, and consistent with cases discussing eligibility requirements for filing bankruptcy petitions similar to those in § 109(h). *See Matter of Phillips*, 844 F.2d 230, 236 n. 2 (5th Cir. 1988) (eligibility requirements for filing a bankruptcy petition do not raise an issue of subject matter jurisdiction). And precedent in this Circuit suggests that it would agree with the Second Circuit. While this Circuit has not addressed whether the credit counseling requirement of § 109(h) is jurisdictional, it has held, sitting en banc, that the requirements of 11 U.S.C. § 303(b) for commencing an involuntary bankruptcy petition "are not subject matter jurisdictional in nature . . ." *In re Trusted Net Media Holdings, LLC*, 550 F.3d at 1037.[10] Citing precedent holding that "statutory conditions within the Bankruptcy Code upon the 'commence[ment]' of a bankruptcy action are not subject matter jurisdictional," the Court definitively concluded "that 11 U.S.C. § 303(b) does not implicate subject matter jurisdiction." *Id.* at 1046.[11]

---

[10] Section 303(b) provides that an involuntary case be "commenced by the filing with the bankruptcy court of a petition under chapter 7 or 11 . . ." (1) by three or more creditors holding noncontingent, undisputed claims against that debtor that aggregate at least $15, 775, or (2) by a single holder of a noncontingent, undisputed claim if there are fewer than twelve such creditors, and one or more of the creditors hold noncontingent, undisputed claims against the debtor that aggregate at least $15,775.11 U.S.C. § 303(b).

[11] *See also Kelly v. Herrell*, 602 F. App'x 642, 646 (7th Cir. 2015) ("But the filing requirements in 11 U.S.C. § 303 are not jurisdictional, and a case may proceed even if the petitioning creditors later are deemed ineligible."); *In re Rubin*, 769 F.2d 611, 614 (9th Cir. 1985) ("[W]e conclude that with regard to section 303 the Bankruptcy Amendments do not impose jurisdictional requirements."). *In re Mitchell*, 554 F. App'x 756 (10th Cir. 2014) (holding that requirements of § 303(b) are not jurisdictional, following "[a]ll circuits considering whether the requirements of § 303(b) must be satisfied to confer subject matter jurisdiction . . . upon the bankruptcy court . . ."); *Zarnel*, 619 F.3d at 166 ("We conclude that § 301, as well as §§ 302 and 303 ('Voluntary cases,' 'Joint cases,' and 'Involuntary cases,' respectively), define the prerequisites for relief under particular chapters of the Bankruptcy Code, rather than the existence in a jurisdictional sense of a voluntary, joint, or involuntary case.").

The Supreme Court has adopted a "readily administrable bright line" for determining whether a statutory limitation is jurisdictional. *Sebelius v. Auburn Reg'l Med. Ctr.*, 133 S. Ct. at 824. Applying that "readily administrable bright line" to determine whether the requirement of credit counseling is jurisdictional, as well as the reasoning in *Trusted Net Media Holdings, LLC*, I conclude that the credit counseling requirement of § 109(h) is an element of eligibility to sustain a voluntary bankruptcy case, and not jurisdictional. *See In re Zarnel*, 619 F.3d at 169 ("[W]e find that the restrictions of § 301 and § 109(h) are not jurisdictional, but rather elements that must be established to sustain a voluntary bankruptcy proceeding.").

First, § 109(h) does not include jurisdictional language or speak in jurisdictional terms and therefore "does not evince a congressional intent to implicate the bankruptcy court's subject matter jurisdiction." *Trusted Net Media Holdings, LLC*, 550 F.3d at 1042-43 (citing *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 515, 126 S. Ct. 1235, 1245, 163 L. Ed. 2d 1097 (2006) (instructing that courts should look to whether Congress has included jurisdictional language in the statute)); *Sebelius,* 133 S. Ct. at 824 ("We inquire whether Congress has 'clearly state[d]' that the rule is jurisdictional; absent such a clear statement, we have cautioned, 'courts should treat the restriction as nonjurisdictional in character.") (*quoting Arbaugh*, 546 U.S. at 515–516).

Second, the authority of the bankruptcy courts to hear cases arising under Chapter 11 is conferred by Title 28, and nothing in § 109(h) indicates an intent by Congress to restrict or limit that statutory grant. *Id.* at 1044. Third, although the statute expressly provides that "an individual may not be a debtor" unless he received credit counseling, it also expressly provides for an "exemption" to that requirement, as well as exceptions, thereby authorizing a bankruptcy court to permit a case to proceed that might otherwise be subject to dismissal. *Id.* at 1044-45; §109(h)(2)(A); §109(h)(4).

8

Finally, and most significantly, § 109(h) (3)(A)(i) expressly provides that the credit counseling requirement may be waived, strongly indicating that it is not a jurisdictional requirement.

I conclude, therefore, consistent with the reasoning in *Trusted Media Net Holdings, LLC.*, that "the restrictions of § 301 and § 109(h) are not jurisdictional but rather elements that must be established to sustain a voluntary bankruptcy proceeding." *Zarnel*, 619 F.3d at 169. Accordingly, Baruch's bankruptcy case was commenced, despite his failure to comply with the credit counseling requirement, and the bankruptcy court did not err in dismissing, rather than striking, his petition.

The Clerk is directed to enter final judgment in favor of Appellees and against Appellant and close the file.

**AFFIRMED.**

Copies to: Counsel of record